UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAMUEL SHIPKOVITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18–1264 (RBW) |
| | ) | |
| WILLIAM BARR, in his official capacity as Attorney General, United States Department of Justice, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

The plaintiff, Samuel Shipkovitz, proceeding pro se, originally filed this civil action against the defendants, Jeff Sessions,[1] in his official capacity as the Attorney General of the United States Department of Justice (the "Department"); Advanced Discovery, Inc. ("Advanced Discovery"); Philip Carrillo ("Carrillo"); June Burton ("Burton"); and Kirkland & Ellis LLP ("Kirkland & Ellis"), in the Superior Court of the District of Columbia ("Superior Court"), alleging "reverse racial discrimination, age discrimination, national origin discrimination[,] and religious discrimination . . . [by] the defendants," as well as "intentional business and contractual opportunities interference by [ ] Carrillo and Advanced Discovery." Complaint ("Compl.") ¶ 1. Currently before the Court are (1) Defendant Advanced Discovery, Inc.'s Motion to Dismiss Plaintiff's Complaint ("Advanced Discovery's Mot. to Dismiss"); (2) the Plaintiff's Motion to File First Amended Complaint[ ](If Required) and Motion for Remand (the "Rule 15(a)(1) Motion" or "Pl.'s 15(a)(1) Mot."); (3) the Plaintiff's Motion for Leave to File Revised First Amended Complaint and Opposition to Motion for Remand (the "Rule 15(a)(2) Motion" or

---

[1] William Barr is substituted for Jeff Sessions as the proper party defendant pursuant to Federal Rule of Civil Procedure 25(d).

"Pl.'s 15(a)(2) Mot."); and (4) the Plaintiff's Request for Status—As to Previously Filed Motion to Serve Defendant Carrillo by Publication (the "Request for Status" or "Pl.'s Req."). Upon careful consideration of the parties' submissions,[2] the Court concludes for the reasons set forth below that it must deny the plaintiff's request for an order instructing Advanced Discovery not to file an answer or motion for summary judgment raised in the context of his purported limited appearance, deny as moot the plaintiff's request for leave to File the First Amended Complaint raised in his Rule 15(a)(1) Motion, deny as moot Advanced Discovery's motion to dismiss, hold in abeyance the plaintiff's Rule 15(a)(2) Motion, and deny as moot the plaintiff's Request for Status.

## I.     BACKGROUND

The plaintiff initiated this civil action against the defendants in Superior Court on March 15, 2018. See Compl. at 1. The Department attempted to remove the case to this Court on May 30, 2018. See Dep't's Not. at 1. After being "informed by the [Department] that [the Department's Notice] in [the] Superior Court was rejected," Advanced Discovery's Not. ¶ 6, Advanced Discovery filed its own Notice with this Court on June 18, 2018, see id. ¶¶ 6–8. The plaintiff then filed: (1) his Notice in this Court, stating that "he had dismissed [the Attorney

---

[2] In addition to the filings already identified, the Court considered the following submissions in reaching its decision: (1) the Notice of Removal of a Civ[i]l Action (the "Department's Notice" or "Dep't's Not."); (2) the Notice of Removal of Civil Action ("Advanced Discovery's Notice" or "Advanced Discovery's Not."); (3) the Plaintiff's Notice that He Had Dismissed Jeff Sessions in D.C. Superior Court Prior to the Removal Which Was Not Completed; No Required Federal Filing Pursuant to 28 U.S.C.[ ]—There Being No 28 U.S.C. 1446(d) Filing [which requires that any removal action must include: ". . . shall file a copy of the notice with the Clerk of such State court."]; Since Sessions Was the Only Basis for Removal and He Was Dismissed, Plaintiff Moves that this Case Be Officially Remanded Back to D.C. Superior Court (the "plaintiff's Notice" or "Pl.'s Not."); (4) the Plaintiff's Limited Appearance to: 1. Oppose Removal by Advanced Discovery; Plaintiff Had Dismissed Federal Defendant Jeff Sessions in D.C. Superior Court Prior to Federal Removal; 2. Motion to Order Advanced Discovery to Not File Answer Nor Motion for Summary Judgment Until Further Order of the Court (the "request for a limited appearance" or "Pl.'s Limited Appearance"); (5) Defendant Advanced Discovery, Inc.'s Memorandum of Points and Authorities in Support of Its Motion to Dismiss ("Advanced Discovery's Mot. to Dismiss. Mem."); and (6) Defendant Advanced Discovery, Inc.'s Opposition to Plaintiff's Motion to Remand or Amend the Complaint ("Advanced Discovery's Remand Opp'n").

General] from his [ ] Superior Court case" prior to Advanced Discovery's removal of the case to this Court, Pl.'s Not. at 1; and (2) a request for a limited appearance in this Court to oppose removal, see Pl.'s Limited Appearance at 1, and a request that "this Court order Advanced Discovery to not file an [a]nswer nor [m]otion [f]or [s]ummary [j]udgment until a further order of this Court," id. at 4. Construing the plaintiff's Notice and request for a limited appearance together as a motion for remand, on June 29, 2018, Advanced Discovery filed an opposition to the plaintiff's motion for remand, as well as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Advanced Discovery's Remand Opp'n at 1; Advanced Discovery's Mot. to Dismiss at 1. Thereafter, on July 18, 2018, the plaintiff filed a motion to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) and to remand this case to Superior Court. See Pl.'s 15(a)(1) Mot. at 1–2. Then, on December 31, 2018, the plaintiff filed a second motion to amend his Complaint, this time pursuant to Rule 15(a)(2). See Pl.'s 15(a)(2) Mot. at 2. As of the date of this Memorandum Opinion, the only defendants currently before the Court in this lawsuit are the Department and Advanced Discovery.[3]

## II. STANDARDS OF REVIEW

### A. Motions to Remand

A defendant may remove a civil case from a state court to the federal district court embracing the place where such action is pending when the district court has original

---

[3] As to Burton, after the plaintiff's process server's unsuccessful attempts to serve her, the Court ordered the United States Marshals Service to serve her, see Order at 2 (Dec. 17, 2018), ECF No. 29, but the Marshals have not yet done so. And, as to Carrillo and Kirkland & Ellis, after granting the plaintiff multiple extensions of time to serve them, the Court dismissed the plaintiff's claims against them for failure to effect service on them. See Order at 2 (Jan. 8, 2019), ECF No. 32. Now, in his Request for Status, the "[p]laintiff requests [information about] the status of his [m]otion to serve [ ] Carrillo by publication." Pl.'s Req. at 2. The Court refers the plaintiff to the Court's Order issued on January 8, 2019, denying his motion for extension of time to serve Carrillo and dismissing his claims against Carrillo. See Order at 2 (Jan. 8, 2019), ECF No. 32. To the extent that the plaintiff's Request for Status seeks any relief from the Court relating to service of Carrillo, the Court must deny the Request for Status as moot.

3

jurisdiction.  See 28 U.S.C. § 1441(a) (2018).  However, "[b]ecause federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed," Kopff v. World Research Grp., LLC, 298 F. Supp. 2d 50, 54 (D.D.C. 2003), and "[t]he party opposing a motion to remand bears the burden of establishing that subject[-]matter jurisdiction exists in federal court," Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W., 366 F. Supp. 2d 33, 36 (D.D.C. 2005) (Walton, J.).  As the District of Columbia Circuit has explained, "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case . . . ." Republic of Venezuela v. Philip Morris, Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)); see Int'l Union of Bricklayers, 366 F. Supp. 2d at 36 ("[T]he court must resolve any ambiguities concerning the propriety of removal in favor of remand." (quoting Johnson-Brown v. 2200 M. St., LLC, 257 F. Supp. 2d 175, 177 (D.D.C. 2003))).

**B.     Motions to Amend**

Federal Rule of Civil Procedure 15(a)(1) provides that

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave."  Fed. R. Civ. P. 15(a)(2).  The Court should "freely give leave" to a party to amend a pleading "when justice so requires."  Id. Although the Court has sole discretion to grant or deny leave to amend, "[l]eave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility."  Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  "The

4

burden is on the defendant to show that leave to file an amended complaint should be denied." Afram v. United Food & Commercial Workers Unions & Participating Emp'rs Health & Welfare Fund, 958 F. Supp. 2d 275, 278 (D.D.C. 2013).

### III. ANALYSIS

#### A. The Plaintiff's Motion to Remand

The plaintiff requests in his Notice that the Court remand this case to Superior Court, that he be permitted to participate in the proceeding before the Court through a limited appearance, and that he be permitted to amend his Complaint pursuant to Rule 15(a)(1). See Pl.'s Not. at 1; Pl.'s Limited Appearance at 1; Pl.'s 15(a)(1) Mot. at 1. Due to the plaintiff's pro se status, the Court construes the plaintiff's Notice, his request for a limited appearance, and his Rule 15(a)(1) Motion collectively as his motion for remand. See Long v. Safeway, Inc., 842 F. Supp. 2d 141, 144 (D.D.C. 2012) ("A court must construe pro se filings liberally and, absent any indication of prejudice to the defendant, should read 'all of the plaintiff's filings together[.]'" (alteration in original) (quoting Richard v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999))). The plaintiff first argues that the Department's removal of the case was defective because the Department did not provide a copy of its Notice to Superior Court or to him. See Pl.'s 15(a)(1) Mot. at 2. He also argues that Advanced Discovery's removal of the case to this Court on June 18, 2018, was improper because "he [ ] dismissed . . . [the] Attorney General[] from his [ ] Superior Court case" prior to the Department's and Advanced Discovery's attempts to remove the case to this Court, Pl.'s Not. at 1, and the Attorney General's presence in this case was "the only federal basis [for] removal," id. at 3. Advanced Discovery responds that the "[p]laintiff's arguments overlook that Advanced Discovery, by its own initiative, successfully removed the [ ] Superior Court action to this Court on June 18, 2018 . . . [and] whatever purported defects were contained

5

in the [Department's] Notice . . . do not alter Advanced Discovery's own successful removal of the case." Advanced Discovery's Remand Opp'n at 4. Advanced Discovery further argues that the "[p]laintiff's suggestion that the [Department's] presence in this case is the only basis for removing this action to federal court is incorrect . . . [b]ecause several of [the] [p]laintiff's this Court has original jurisdiction pursuant to 28 U.S.C. § 1331."[4] Id. at 5. The Court agrees with Advanced Discovery that its removal of the case to this Court was appropriate.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). As Advanced Discovery correctly notes, see Advanced Discovery's Remand Opp'n at 5, the Complaint presents claims arising under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e– through 2000e–17 (2018), see Compl. ¶¶ 41–49; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213, see Compl. ¶¶ 81–90; the Age Employment Act ("ADEA"), 29 U.S.C. §§ 621–34 (2018), see Compl. ¶¶ 81–90; and the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33 (2018), see Compl. ¶¶ 100–06. The Court therefore concludes that the face of the plaintiff's Complaint presents federal questions and confers original jurisdiction on this Court.

---

[4] In an attempt to "hopefully avoid 28 U[.]S[.]C[. §] 1331," the plaintiff moved for leave to file an amended complaint, wherein "all references to federal law are changed to [District of Columbia] law." Pl.'s 15(a)(1) Mot. at 2; see also Pl.'s 15(a)(2) Mot. at 1 (attempting to amend the Complaint a second time to "traverse[] [Advanced Discovery's basis for removal"). However, "[w]hen a defendant removes a case to federal court, whether the federal court possesses jurisdiction over that case is determined by examining the face of the complaint and only the face of the complaint at the time of removal," Zuurbier v. MedStar Health, Inc., 306 F. Supp. 2d 1, 4 (D.D.C. 2004) (emphasis added), and therefore the Court will not consider the plaintiff's requests to amend the Complaint as part of its analysis of whether removal is appropriate. The Court will instead separately address the plaintiff's motions to amend the Complaint later in this Memorandum Opinion. See infra Part III.B, Part III.C.

The plaintiff next argues that Advanced Discovery's removal was improper because "his "workmen[]'[s] compensation count preclude[d] removal" to this Court pursuant to 28 U.S.C. § 1445(c). Pl.'s Not. at 1. Advanced Discovery responds that the plaintiff's "argument overlooks the effect of 28 U.S.C. § 1441(c)(1)(B), which allows the Court to entertain non-removable claims once 'federal question' jurisdiction is conferred." Advanced Discovery's Remand Opp'n at 5–6. Again, the Court agrees with Advanced Discovery.

Section 1445 provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). However, the statute further provides that

> [i]f a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) . . . a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subsection (B).

Id. § 1441(c). "[A] removal under 28 U.S.C. § 1441(c) must be predicated upon federal question jurisdiction only and not diversity jurisdiction." Neibuhr v. Nat'l R.R. Passenger Corp., 955 F. Supp. 135, 138 (D.D.C. 1997). Here, although the plaintiff correctly notes that a workmen's compensation claim is ordinarily precluded from removal pursuant to § 1445(c), see Pl.'s Not. at 1, as previously discussed, this civil action was removed based on federal question jurisdiction, and therefore removal to this Court of all of the plaintiff's claims was proper pursuant to § 1441(c). Accordingly, the Court concludes that Advanced Discovery has satisfied its "burden of establishing that subject[-]matter jurisdiction existe[d]" in this Court at the time of removal, Int'l Union of Bricklayers, 366 F. Supp. 2d at 36, and therefore the plaintiff's motion to remand must be denied.[5]

---

[5] Because the Court has concluded that Advanced Discovery's removal of the case to this Court was proper, it need
(continued . . .)

**B.     The Plaintiff's Rule 15(a)(1) Motion to Amend the Complaint**

The plaintiff seeks to amend his Complaint as a matter of course pursuant to Rule 15(a)(1). See Pl.'s 15(a)(1) Mot. at 2 (noting that "[a] party may amend its pleading once as a matter of course" and citing Rule 15(a)(1)). Advanced Discovery responds that the plaintiff should not be permitted to amend his Complaint because he is seeking to amend the Complaint in bad faith and also because amending the Complaint would be futile. See Advanced Discovery's Remand Opp'n at 5–7. Advanced Discovery argues that the plaintiff's attempt to amend his Complaint is in bad faith because "[t]he fact that [the] [p]laintiff appears shy about fully withdrawing his federal claims . . . reveals his true motivation: he wishes only to defeat federal jurisdiction." Id. at 7. Advanced Discovery also argues that permitting the plaintiff to amend his Complaint would be futile because, "to the extent that [the] [p]laintiff [ ] attempts to transform his ADA and/or ordinary negligence claim into a workplace injury claim, the [District of Columbia Workmen's Compensation Act ('DCWCA'), D.C. Code §§ 32–1501 through 32–1545 (2012),] provides the exclusive remedy, as he may only seek redress through [the Department of Employment Services ('DOES')]," id. at 9, and also because, "to the extent [the] [p]laintiff purports to allege that Advanced Discovery committed billing fraud against its client (or its client's client), he has no standing to assert the claim absent an injury 'fairly traceable' to Advanced Discovery's alleged conduct," id. Advanced Discovery also argues that the plaintiff should not be permitted to amend his Complaint because he did not attach the proposed amended complaint to his motion, in violation of Local Civil Rule 15.1, and did not confer with Advanced

---

(. . . continued)
not address the plaintiff's alternative argument that the Department's removal of this case was improper based on the fact that the Department did not provide a copy of its Notice to Superior Court or to him upon attempting to remove the case to this Court. See Pl.'s 15(a)(1) Mot. at 2.

Discovery's counsel before filing his motion, in violation of Local Civil Rule 7(m). See id. at 9–10.

Federal Rule of Civil Procedure 15(a)(1) permits "[a] party [to] amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1); see Villery v. District of Columbia, 277 F.R.D. 218, 219 (D.D.C. 2011) ("[U]nder Rule 15(a)(1)(B), a party has an absolute right at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f)." (emphasis added)), without first seeking permission by the opposing party or leave of the Court, see Nattah v. Bush, 605 F.3d 1052, 1056 (D.C. Cir. 2010) (holding that the district court erred in not considering the plaintiff's amended claims when the plaintiff amended the complaint as a matter of right pursuant to Rule 15(a)(1)). Here, Advanced Discovery filed its motion to dismiss pursuant to Rule 12(b)(6) on June 29, 2018, see Advanced Discovery's Mot. to Dismiss at 1, and the plaintiff filed his Rule 15(a)(1) motion to amend seventeen days later on July 16, 2018, see Pl.'s 15(a)(1) Mot. at 3. The plaintiff also attached a copy of the proposed First Amended Complaint to his Rule 15(a)(1) motion, in accordance with Local Civil Rule 15.1. See id., Exhibit ("Ex.") 1 (First Amended Complaint); see also LCvR 15.1 ("A motion for leave to file an amended pleading shall attach, as an exhibit, a copy of the proposed pleading as amended"). Advanced Discovery's arguments regarding bad faith and futility are misplaced because these exceptions apply to motions seeking leave to amend a complaint pursuant to Rule 15(a)(2), see Richardson, 193 F.3d at 548–49, and have no bearing on amendment as of right pursuant to Rule 15(a)(1).

The Court therefore accepts the plaintiff's First Amended Complaint as timely filed and denies as moot the plaintiff's Rule 15(a)(1) Motion, to the extent that it seeks leave to file the

First Amended Complaint. Moreover, because the plaintiff's First Amended Complaint became the operative pleading when it was filed,[6] the Court must deny Advanced Discovery's Rule 12(b)(6) motion to dismiss the original Complaint as moot. See Barnes v. District of Columbia, 42 F. Supp. 3d 111, 117 (D.D.C 2014) ("When a plaintiff files an amended complaint as of right within 21 days after the filing of the motion to dismiss under Rule 12(b), (e), or (f), the amended complaint becomes the operative pleading, and any pending motion to dismiss becomes moot." (citations omitted)).

**C.     The Court's Jurisdiction**

As previously discussed, Advanced Discovery's removal of the plaintiff's case to this Court was predicated on the federal claims asserted by the plaintiff, see Advanced Discovery's Not. ¶¶ 10–13, and the plaintiff has now removed all of his federal claims from his First Amended Complaint, see Pl.'s 15(a)(1) Mot. at 1. When "there are no federal claims remaining in [a] suit, the defendant has 'no interest recognized by a federal statute in a federal forum,'" Barnes, 42 F. Supp. 3d at 120 (quoting Zuurbier, 306 F. Supp. 2d at 7), and when that occurs, a district "court will consider whether to exercise supplemental jurisdiction over state claims by balancing 'judicial economy, convenience, fairness, and comity,'" id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

However, the Court need not consider whether to exercise supplemental jurisdiction if diversity jurisdiction is available. Cf. Fouch v. District of Columbia, 10 F. Supp. 3d 45, 53 & n.4 (D.D.C. 2014) (after dismissal of the plaintiff's federal claims, considering whether to exercise

---

[6] Because the First Amended Complaint deletes "all references to federal law" and "change[s] [them] to [District of Columbia] law," Pl.'s 15(a)(1) Mot. at 1, and also removes the Attorney General as a defendant, see id., Ex. 1 (First Amended Complaint) at 1, the plaintiffs' federal claims and his claims against the Attorney General are "no longer at issue in this case." Featherston v. District of Columbia, 910 F. Supp. 2d 1, 11 (D.D.C. 2012); see Halldorson v. Sandi Grp., 934 F. Supp. 2d 147, 156 (D.D.C. 2013) ("It is hornbook law that an amended complaint supersedes the prior complaint and renders it of no legal effect.").

supplemental jurisdiction because "[d]iversity jurisdiction is not available"). Section 1332 provides that a federal district court has diversity jurisdiction in a civil case when the amount in controversy exceeds $75,000, exclusive of interests and costs, and the case involves a dispute between "citizens of different States." 28 U.S.C. § 1332(a). In order for diversity jurisdiction to exist, "there must be 'complete diversity' between the parties, meaning that . . . 'each defendant is a citizen of a different State from each plaintiff.'" Lifeline, Inc. v. Bakari, 107 F. Supp. 3d 38, 40 (D.D.C. 2015) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)). Here, it is clear from the First Amended Complaint that the amount in controversy requirement is satisfied. See Pl.'s 15(a)(1) Mot., Ex. 1 (First Amended Complaint) at 5 (seeking "$336,000 in backpay" as to Count One); id., Ex. 1 (First Amended Complaint) at 6 (seeking "$336,000 in compensatory damages, plus at least $672,000 in punitive damages" as to Count Two). However, it is not clear to the Court whether the complete diversity of citizenship requirement is satisfied because no party in this action has made representations regarding their citizenship. Therefore, to determine whether diversity jurisdiction exists in this case, the Court will order the parties to show cause why the Court should not remand this case to Superior Court for lack of subject-matter jurisdiction, addressing, inter alia, the citizenship of the parties, whether supplemental jurisdiction is appropriate, and any other issues that the parties deem relevant to determining whether the Court can or should exercise jurisdiction in this case. And, because it is not clear to the Court whether it can or should continue to exercise jurisdiction over this case, it will hold in abeyance the plaintiff's Rule 15(a)(2) Motion pending the Court's ruling on the jurisdictional issues presented in this Memorandum Opinion and will deny the plaintiff's request

for an order instructing Advanced Discovery not to file an answer or motion for summary judgment raised in the plaintiff's request for a limited appearance.[7]

### IV. CONCLUSION

For the foregoing reasons, the Court denies the plaintiff's request for an order instructing Advanced Discovery not to file an answer or motion for summary judgment, denies the plaintiff's motion to remand, denies as moot the plaintiff's request for leave to file the First Amended Complaint raised in his Rule 15(a)(1) Motion, denies as moot Advanced Discovery's motion to dismiss, holds in abeyance the plaintiff's Rule 15(a)(2) Motion, and denies as moot the plaintiff's Request for Status. The Court also orders parties to show cause why this case should not be remanded to the Superior Court for lack of jurisdiction.[8]

**SO ORDERED** this 7th day of March, 2019.

REGGIE B. WALTON
United States District Judge

---

[7] The Court holds in abeyance the plaintiff's Rule 15(a)(2) Motion pending resolution of the jurisdictional issues presented in this Memorandum Opinion because if the Court concludes that it cannot continue to exercise jurisdiction in this case, then it need not address whether the plaintiff can amend the First Amended Complaint pursuant to Rule 15(a)(2). The Court denies the plaintiff's request for an order directing Advanced Discovery not to file an answer or motion for summary judgment raised in the plaintiff's limited appearance because such relief is neither appropriate nor necessary, given that the Court has ordered the parties to brief the jurisdictional issues presented in this Memorandum Opinion before taking any further action in this case.

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.